

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 1 4 2023

ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID FOSTER                                                    PLAINTIFF

VS.                                    CAUSE NO. 3:23cv187- KHJ-MTP

THOMAS SAWYER,
J&L TRUCKING, LLC, a/k/a
J&L TRUCKING OF NC LLC,
JOHN DOE(S) 1-5 AND JOHN DOE ENTITY(IES) 1-5              DEFENDANTS

## COMPLAINT

### (Trial by Jury Requested)

Plaintiff David Foster files this Complaint against Defendants Thomas Sawyer and J&L

Trucking, LLC, John Doe(s) 1-5, and John Doe Entity(ies) for a motor vehicle accident.

### I. Parties

1.      Plaintiff David Foster is an adult resident of Franklin County, Mississippi.

2.      Defendant Thomas Sawyer is an adult resident of Payeland, South Carolina.

3.      Defendant J&L Trucking, LLC a/k/a J&L Trucking of NC, LLC ("J&L

Trucking") is a foreign corporation, with its registered agent, Blake John, located at 4563 State

Line Road, Marshville, North Carolina, 28103-8761 and its principal office located at 6608

Philadelphia Church Road, Marshville, North Carolina 28103-8761.

4.      Defendants John Doe(s) 1-5 are any unknown person(s) who may have been

responsible for or contributed to the negligence alleged herein. They may be added as Defendants

when their identities become known.

5.      Defendants, John Doe(s) Entity (ies) 1-5 are any unknown entity(ies) who may have

been responsible for or who may have contributed to the negligence alleged herein. They may be

added as Defendants when their identities become known.

## II.    Jurisdiction and Venue

6.    Venue is proper in this Court under 28 USC § 1391 as the motor vehicle accident occurred in this district.

### III.    Facts

7.    On April 1, 2020, Plaintiff was traveling westbound on Highway 28 when he attempted to turn left into a private driveway. Defendant Sawyer driving a truck owned by J&L Trucking, collided with Plaintiff's vehicle when Defendant Sawyer attempted to pass Plaintiff. This collision caused Plaintiff to suffer bodily injuries.

### IV.    Count One - Negligence

8.    Defendant Sawyer owed Plaintiff the following duties:

    a.    The duty to have operated his vehicle as an ordinary and prudent person would have under the same conditions existing immediately before and at the time and place of said collision;

    b.    The duty to maintain proper control of his motor vehicle at all times and thus avoid injuring others or damaging their property;

    c.    The duty to have made a reasonable effort to have operated his vehicle in a manner that would not have caused his motor vehicle to strike the automobile which Plaintiff was operating at the time of the collision;

    d.    The duty not to have operated his motor vehicle in a careless manner under the conditions existing immediately before and at the time and place of said collision; and

    e.    The duty to have operated his motor vehicle under the circumstances in a manner in which his motor vehicle would not cause injury to others or damage their property.

9.     All the material times alleged herein, Defendant Sawyer was acting as an employee and agent of Defendant J&L Trucking and was acting within the scope of his authority and in the furtherance of the business of Defendant J&L Trucking.  Thus, all of Defendant Sawyer's acts of negligence are imputed to Defendant J&L Trucking.

10.     As a direct and proximate result of the above acts of negligence and breaches of legal duties owed to Plaintiff suffered compensatory damages from Defendants.

### V.  Count Two - Negligent Entrustment of Vehicle

11.     All allegations in the preceding paragraphs are incorporated hereto as if fully set forth herein.

12.     Negligent entrustment occurs when an owner of a vehicle supplies the vehicle to a driver of the vehicle when that owner knew or should have known that the driver poses an unreasonable risk of physical harm to others. See *Sligh v. First Nat'l Bank of Holmes County*, 735 So.2d 963, 969 (Miss. 1999) quoting Restatement (Second) of Torts § 390).

13.     Defendant J&L Trucking acted negligently by entrusting its vehicle to Defendant Sawyer because it knew or should have known that Defendant Sawyer posed an unreasonable risk of physical harm to Plaintiff.

14.     As a direct and proximate result of the above acts of negligence and breaches of legal duties owed to Plaintiff suffered compensatory damages from Defendants.

15.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that a judgment, jointly and severally from Defendants for compensatory damages, emotional distress, medical expenses, future medical expenses, loss of enjoyment of life, pain, and suffering, pre-judgment and post-judgment interest.

RESPECTFULLY SUBMITTED on March 14, 2023.

By:

Brent Hazzard, MSB #99721
Emily Bradley, MSB #104523
Schwartz & Associates, P.A.
162 E. Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207-3949
T: (601) 988-8888
F: (601) 948-3822
bhazzard@1call.org
ebradley@1call.org