UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPI
NORTHERN DIVISION

**DAVID FOSTER**  **PLAINTIFF**

**V.** **CAUSE NO. 3:23CV187-KHJ-MTP**

**THOMAS SAWYER, J&L TRUCKING, LLC
a/k/a J&L TRUCKING of NC LLC,
John Doe(s) 1-5 and John Doe Entity(ies) 1-5**  **DEFENDANT**

## PETITION FOR APPROVAL OF THIRD PARTY SETTLEMENT

COMES NOW David Foster, (hereinafter "Plaintiff"), of Franklin County, Mississippi, and represents to the Court the following:

**I**

On 4/1/2020, Plaintiff was employed by Delta Tree Services, Inc. (hereinafter "Employer") and received an average weekly wage of approximately $395.62. On or about that date, Plaintiff alleges that while working on the job and in the course of his employment, he was involved in a motor vehicle accident, causing Plaintiff injuries. Plaintiff alleges said injuries occurred as the result of the negligence of Thomas Sawyer, J&L Trucking, LLC ak/a J&L Trucking of NC LLC, John Doe(s) 1-5 and John Doe Entity(ies) 1-5, (hereinafter "Defendant"), a contention specifically denied by said Defendant. At the time of said injury, Employer's workers' compensation insurance coverage was written by Amfed National Insurance Company (hereinafter "Carrier").

**II**

Plaintiff has received treatment from one or more medical providers including specifically, but not necessarily limited to, Hardy Wilson Hospital d/b/a Copiah County Medical Center. Said reports are intended to be representative of and not necessarily inclusive of all of the available medical information regarding Plaintiff.

1

### III

Plaintiff was totally disabled on a temporary basis as a result of his injuries for a period of time that is not subject to exact calculation. Further, Plaintiff alleges that he has some degree of permanent disability as a result of his injuries but that his claim of permanent disability is denied and disputed by Carrier and Defendant, and that, in any event, the extent of permanent disability, if any, as a result of these injuries cannot be precisely and exactly determined. Plaintiff has been paid by Carrier as the result of his injuries the sum of $1,266.00 in compensation benefits representing temporary disability and/or permanent disability, and Carrier has also paid to and on behalf of Plaintiff necessary and reasonable medical expenses incurred by Plaintiff related to his injuries in the total sum of $20,857.29. Plaintiff acknowledges that, should this settlement be approved, all other medical and similar expenses, including specifically all such expenses incurred after the date of this Petition for Approval of Third Party Settlement, shall be Plaintiff's sole responsibility and not the responsibility of the Employer, Carrier, nor the Defendant.

### IV

Plaintiff has asserted a claim against Defendant on account of the injuries allegedly received in this accident. Employer and Carrier, pursuant to the Mississippi Workers' Compensation Act, have also asserted a claim against Defendant for recovery of sums which they have expended for Mississippi workers' compensation benefits as a result of these injuries sustained by Plaintiff. Subject to the approval of this Court, Plaintiff, Carrier, and Defendant have negotiated a compromise settlement of all claims as follows: Plaintiff has agreed to accept and Defendant has indicated a willingness to pay the sum of $89,000.00 in a lump sum,

with the settlement proceeds to be distributed as follows: $29,637.00 to Brent Hazzard, Esq., as attorney fees and costs of collection; $17,000.00 to AmFed National Insurance Company as partial reimbursement of its lien set forth in Mississippi Code Annotated Section 71-3-71 (1972, as amended); and $42,363.00 payable to Plaintiff. Said settlement shall represent (1) a compromise settlement of any and all claims and demands which Plaintiff might have against Defendant for any and all claims of every nature under any theory of law whatsoever; (2) a full and final settlement of any and all claims and demands which Plaintiff might have against Employer and/or Carrier for any other claims for Mississippi workers' compensation benefits not already paid as set forth herein; and (3) a compromise settlement of any and all claims which Employer and Carrier might have against Defendant. In return for the above-stated consideration, Plaintiff and Carrier have agreed to execute full and complete releases in favor of Defendant for any and all claims of every nature, whether known or unknown, which any and all of them might have or hereafter have against Defendant, and Plaintiff has also agreed to execute a full and complete release in favor of Employer and Carrier releasing them from any and all claims which Plaintiff has or might hereafter have against Employer and/or Carrier for Mississippi workers' compensation benefits, or otherwise.

## V

The parties recognize that there may be disputes in competent medical opinions regarding whether or not Plaintiff has reached maximum medical recovery; regarding whether or not Plaintiff has sustained permanent disability as a result of his injuries, or the extent thereof; regarding whether or not Defendant has any liability whatsoever to Plaintiff and/or Carrier in the matter; regarding the amount

of recovery out of the settlement proceeds to which the Carrier is entitled in the premises; and it is these differences that are a part of the dispute being compromised and settled in this case. In addition, there may be other disputes not specifically reflected herein. Plaintiff states that it will be in his best interest that this compromise settlement be approved, it being understood and provided that the consideration specified herein will be received in full compromise settlement of any and all claims which Plaintiff might have against Defendant, Employer, or Carrier, whether said claims are under the Mississippi Workers' Compensation Act or otherwise. Plaintiff further states that the claim against the Defendant is doubtful and cannot be readily collected and that the settlement proposed in this Petition is fair and equitable, and Plaintiff asks that the Court approve the settlement as proposed. Carrier desires to settle all claims which it may have against the Defendant as set forth in this Petition, and it joins in this Petition and ask that the settlement be approved.

**VI**

It is not the purpose of this settlement agreement to shift responsibility of medical care in this matter to the Medicare program. Instead, this settlement is intended to resolve a dispute between the Plaintiff, Carrier, and Defendant. Plaintiff would show that he, together with the Carrier and Defendant, have considered the application of 42 U.S.C. Section 1395(y), the Medicare Secondary Payer statute, and are of the opinion that this settlement is not one that is required to be submitted to the Center for Medicare and Medicaid Services (CMS) for approval. In support of that position, the Plaintiff would state that he is not a current Medicare recipient and the settlement amount in any event is for less than $250,000.00. Therefore, this claim does not meet Medicare's current review thresholds as

described in the July 11, 2005 and April 24, 2006 Medicare Policy Memoranda. As such, the claim does not require review and/or approval from CMS. Plaintiff shall hold Employer, Carrier, and Defendant harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare benefits to the extent Plaintiff would have been entitled to those benefits in the absence of this settlement agreement. While it is impossible to accurately predict the need for future treatment, these settlement terms reflect a good faith determination of the parties in order to resolve a questionable claim. The parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b). The parties acknowledge and understand that any present or future action or decision by CMS or Medicare on the Plaintiff's eligibility or entitlement to Medicare payments, will not render this settlement void or ineffective, or in any way affect the finality of this settlement.

## VII

Plaintiff has employed Brent Hazzard, Attorney at Law, as his personal attorney and representative and has counseled with said attorney as to all matters pertinent to this claim. Plaintiff and his attorney agree that this settlement as proposed would be, all things considered, in the best interest of Plaintiff. Plaintiff's attorney has rendered the usual services and is entitled to a reasonable fee as provided by law, and Plaintiff requests authority to pay the fee as set forth herein out of the proceeds of this settlement. Plaintiff and his attorney affirmatively state that said attorney is the only and exclusive attorney for Plaintiff in this matter, and

they are aware of no other claims for attorney's fees arising out of this claim or these proceedings; however, should the parties be mistaken in that regard, Plaintiff and/or his attorney shall be solely liable for any such attorney's fee claim, and they hereby agree to indemnify and hold harmless the Employer, Carrier, and Defendant herein in the event further claim for attorney's fees is made.

AND NOW PLAINTIFF RESPECTFULLY PRAYS:

That this Petition for Approval of Third Party Settlement be received and filed; that an immediate hearing be held thereon; that the matters represented be investigated by the Court; and that an order be entered approving this compromise settlement as being in the Plaintiff's best interest. Plaintiff further prays that he be authorized to accept from Defendant the sum of $89,000.00 (with the distribution as set forth herein) in full settlement and satisfaction of any and all claims and demands which Plaintiff might now or hereafter have against Defendant, Employer, and/or Carrier, whether for Mississippi workers' compensation benefits or otherwise, and further that Carrier be authorized to accept the sum of $17,000.00 out of said settlement amount in full settlement and satisfaction of any and all claims and demands which they might have against Defendant for benefits paid to Plaintiff pursuant to the Mississippi Workers' Compensation Act, or otherwise, all in connection with the injuries allegedly sustained by Plaintiff as set forth in this Petition. Plaintiff further prays that he be authorized to pay to Brent Hazzard, Attorney at Law, a reasonable attorney's fee as provided by law and as agreed by the parties out of the proceeds of this settlement for services rendered, all as set forth herein.

Plaintiff further prays that upon receipt of the stated sum, he will be authorized to execute and deliver such full and final releases as may be required by

Defendant and Carrier evidencing their full release, discharge and acquittance for these alleged injuries and all known and unknown effects thereof, and further that Carrier will be authorized to execute and deliver such full and final release as may be required by Defendant evidencing their full release, discharge, and acquittance for all subrogation rights they might have against Defendant for sums paid to or on behalf of Plaintiff on account of these alleged injuries and any and all known and unknown effects thereof.

And Plaintiff prays for such other and general relief as may be proper in the premises.

Respectfully submitted,

*DocuSigned by:*
/s/ David Foster
David Foster, Plaintiff

APPROVED:

/s/ Brent Hazzard
Brent Hazzard, MS Bar No. 99721
Emily Bradley, MS Bar No. 104523
Schwartz & Associates, P.A.
162 E. Amite Street
Post Office Box 3949
Jackson, MS 39207-3949
bhazzard@1call.org
ebradley@1call.org
ATTORNEYS FOR PLAINTIFF

I, David Justin Foster, declare under the penalty of perjury that the foregoing is true and correct on 4/2/2024 _____.

*DocuSigned by:*
/s/ David Justin Foster
David Justin Foster

7