UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID FOSTER                                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:23-CV-187-KHJ-MTP

THOMAS SAWYER, J&L TRUCKING, LLC
a/k/a J&L TRUCKING of NC LLC,
John Doe(s) 1-5 and John Doe Entity(ies) 1-5                              DEFENDANTS

ORDER APPROVING THIRD PARTY SETTLEMENT

Before the Court is the sworn Petition for Approval of Third-Party Settlement of David Foster, Plaintiff, seeking authority for and approval of a compromise settlement as set out in said Petition. The Petition was joined in by Plaintiff's employer and workers' compensation insurance carrier and the Defendant.

The Court finds that Plaintiff has asserted a claim against Defendant on account of the injuries allegedly received in this accident. Employer and Carrier, pursuant to the Mississippi Workers' Compensation Act, have also asserted a claim against Defendant for recovery of sums which they have expended for Mississippi workers' compensation benefits as a result of these injuries sustained by Plaintiff. The Court further finds that Plaintiff, Employer and Carrier, and Defendant have negotiated a compromise settlement of all claims as follows: Plaintiff has agreed to accept and Defendant has indicated a willingness to pay the sum of $89,000.00 in a lump sum, with the settlement proceeds to be distributed as follows: $29,637.00 to Brent Hazzard, Esq., as attorney fees and costs of collection; $17,000.00 to AmFed National Insurance Company as partial reimbursement of its lien set forth in

Mississippi Code Annotated Section 71-3-71 (1972, as amended); and $$42,363.00 payable to Plaintiff. Said settlement shall represent (1) a compromise settlement of any and all claims and demands which Plaintiff might have against Defendant for any and all claims of every nature under any theory of law whatsoever; (2) a full and final settlement of any and all claims and demands which Plaintiff might have against Employer and/or Carrier for any other claims for Mississippi workers' compensation benefits not already paid as set forth herein; and (3) a compromise settlement of any and all claims which Employer and Carrier might have against Defendant. In return for the above-stated consideration, Plaintiff, Employer and Carrier have agreed to execute full and complete releases in favor of Defendant for any and all claims of every nature, whether known or unknown, which any and all of them might have or hereafter have against Defendant, and Plaintiff has also agreed to execute a full and complete release in favor of Employer and Carrier releasing them from any and all claims which Plaintiff has or might hereafter have against Employer and Carrier for Mississippi workers' compensation benefits, or otherwise.

      The Court has examined the Petition and the compromise settlement proposed therein; has determined that Plaintiff is represented by competent legal counsel and is fully advised in the premises; and the Court is of the opinion that the proposed settlement is just, fair and equitable, is in the Plaintiff's best interest, and that the prayer of the Petition should be granted.

The Court finds that the settlement is subject to the approval of this Court as set forth in Miss. Code Ann. § 71-3-71 (1972). Compensation Commission for its consideration of issues within its jurisdiction.

The Court further finds that it is not the purpose of this settlement agreement to shift responsibility of medical care in this matter to the Medicare program. Instead, this settlement is intended to resolve a dispute between the Plaintiff, Employer, Carrier, and Defendant. Plaintiff would show that he, together with the Carrier and Defendant, have considered the application of 42 U.S.C. Section 1395(y), the Medicare Secondary Payer statute, and are of the opinion that this settlement is not one that is required to be submitted to the Center for Medicare and Medicaid Services (CMS) for approval. In support of that position, the Plaintiff would state that he is not a current Medicare recipient and the settlement amount in any event is for less than $250,000.00. Therefore, this claim does not meet Medicare's current review thresholds as described in the July 11, 2005, and April 24, 2006, Medicare Policy Memoranda. As such, the claim does not require review and/or approval from CMS. Plaintiff shall hold Employer, Carrier, and Defendant harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare benefits to the extent Plaintiff would have been entitled to those benefits in the absence of this settlement agreement. While it is impossible to accurately predict the need for future treatment, these settlement terms reflect a good faith determination of the parties in order to resolve a questionable claim. The parties have attempted to

resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b). The parties acknowledge and understand that any present or future action or decision by CMS or Medicare on the Plaintiff's eligibility or entitlement to Medicare payments, will not render this settlement void or ineffective, or in any way affect the finality of this settlement.

  The Court further finds that Plaintiff has employed Brent Hazzard, Attorney at Law, as his personal attorney and representative and has counseled with said attorney as to all matters pertinent to this claim. Plaintiff and his attorney agree that this settlement as proposed would be, all things considered, in the best interest of Plaintiff.  Plaintiff's attorney has rendered the usual services and is entitled to a reasonable fee as provided by law, and Plaintiff requests authority to pay this fee out of the proceeds of this settlement. Plaintiff and his attorney affirmatively state that said attorney is the only and exclusive attorney for Plaintiff in this matter, and they are aware of no other claims for attorney's fees arising out of this claim or these proceedings; however, should the parties be mistaken in that regard, Plaintiff and/or his attorney shall be solely liable for any such attorney's fee claim, and they hereby agree to indemnify and hold harmless the Employer, Carrier, and Defendant in the event further claim for attorney's fees is made.

  IT IS, THEREFORE, ORDERED that the proposed settlement be, and the same is hereby, approved as being in the best interest of Plaintiff and that upon

consummation of this settlement, Defendant be, and it is hereby, fully, finally, and forever acquitted and discharged from any and all liability to Plaintiff on account of all personal injuries sustained by Plaintiff in this accident and from all liability to Employer and Carrier on account of the aforesaid subrogation rights.

IT IS FURTHER ORDERED that Employer and Carrier be, and they are hereby, fully and forever acquitted and discharged from any and all liability to Plaintiff under the Mississippi Workers' Compensation Act on account of all accidental injuries sustained by Plaintiff as set out in the Petition.

IT IS FURTHER ORDERED that Plaintiff be, and is hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Defendant and Carrier may require evidencing their complete release in the premises.

IT IS FURTHER ORDERED that Carrier be, and they are hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Defendant may require to evidence their full release of all subrogation rights.

Plaintiff is authorized to pay to Brent Hazzard, Esq. his attorney, a reasonable fee as provided by law out of the proceeds of this settlement and as set forth herein.

SO ORDERED, this 4th day of April, 2024.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE

Approved by:

*Brent Hazzard*
Brent Hazzard, MS Bar No. 99721
Emily Bradley, MS Bar No. 104523
Schwartz & Associates, P.A.
162 E. Amite Street
Post Office Box 3949
Jackson, MS 39207-3949
bhazzard@1call.org
ebradley@1call.org
ATTORNEYS FOR PLAINTIFF

*Daniel P. Culpepper by permission bh 4.4.24*
Daniel P. Culpepper, MS Bar No. 102373
ANDERSON CRAWLEY & BURKE, PLLC
P.O. Box 2540
Ridgeland, MS 39158-2540
Telephone: (601) 707-8796
Facsimile: (601) 707-8801
E-Mail: DCulpepper@ACBLaw.com
ATTORNEYS FOR CARRIER

*Ethan N. Penn by permission bh 4.4.24*
Ethan N. Penn, MS Bar No. 105716
Theresa A. Sutherland, MS Bar No. 105625
MUSGRAVE, MCLACHLAN & PENN, LLC
1555 Poydras Street, Ste. 2100
New Orleans, LA 70112
enp@mmpfirm.com
tas@mmpfirm.com
ATTORNEYS FOR DEFENDANTS

**CAUSE No. 3:23CV187-KHJ-MTP**